# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

CIVIL CASE NO. 1:11cv00004
[Criminal Case No. 1:96cr21-1]

| | |
|---|---|
| RAYMOND JEROME FRANCIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MARK T. CALLOWAY, DEBORAH ) | |
| A. AUSBURN, WILLIAM M. BOYUM, ) | |
| and BRIAN L. WHISLER, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's "Motion for Reconsideration . . ." [Doc. 4], filed May 26, 2011.

In his motion, Petitioner argues that the Court erred by mischaracterizing his Rule 60(d)(3) motion as a motion pursuant to Rule 60(b)(3) and thus subjecting Petitioner to the AEDPA's filing restrictions. [Doc. 4].

Petitioner's argument is without merit. Any Rule 60 motion which challenges the denial of habeas relief, whether styled as a motion under Rule 60(b) or Rule 60(d), is subject to the restrictions on second or successive habeas petitions under AEDPA. See Williams v. Dormire, No. 4:10-CV-1413

CAS, 2010 WL 3270111, at *3 (E.D. Mo. Aug. 17, 2010) (citing Gonzalez v. Crosby, 545 U.S. 524, 530-32, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005)).

As the Court noted in its prior Order [Doc. 3], the Petitioner's Rule 60 motion is an attempt to challenge the validity of his underlying conviction and sentence. Thus, the Petitioner's claim is subject to the restrictions on filing successive habeas petitions, and he must receive permission from the United States Court of Appeals for the Fourth Circuit before he may bring such a claim in this Court. See 28 U.S.C. § 2244(b)(3).

**IT IS, THEREFORE, ORDERED** that the Petitioner's "Motion for Reconsideration . . ." [Doc. 4] is **DENIED**.

**IT IS SO ORDERED.**

Signed: June 10, 2011

Martin Reidinger
United States District Judge